FROM: TO:18664723221 04/06/2016 15:02:41 #480 P.003/008

Filed          16-CI-01240    04/01/2016        Vincent Riggs, Fayette Circuit Clerk ORIGINAL DOCUMENT
                                                                04/06/2016 03:45:43 PM
                                                                91994

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL DIVISION
CASE NO. _____
*Electronically Filed*

PAULA A. DAVIS                                                    PLAINTIFF

vs.                          **COMPLAINT AND JURY DEMAND**

LIFE INSURANCE COMPANY OF NORTH AMERICA                           DEFENDANT
d/b/a CIGNA GROUP INSURANCE

**To be served through the Kentucky Secretary of State upon:**

Michael A. James
Two Liberty Place
1601 Chestnut Street
Philadelphia, PA 19192-2211

** ** ** ** ** ** ** ** **

1.    The Plaintiff, Paula A. Davis, is a citizen and resident of Fayette County, Kentucky.

2.    Life Insurance Company of North America ("LINA" or "Defendant") is an insurance company believed to be domiciled in the state of Pennsylvania. LINA does business under the name Cigna Group Insurance. LINA's service of process agent is Michael James, located at Two Liberty Place, 1601 Chestnut Street, Philadelphia, PA 19192-2211 and can be served through the Kentucky Secretary of State.

3.    LINA does business under the marketing name "Cigna Group Insurance."

4.    Jurisdiction is proper in this Court because LINA transacts business, issued a police of insurance in, and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harmed in, Fayette County, Kentucky.

1

Filed          16-CI-01240    04/01/2016        Vincent Riggs, Fayette Circuit Clerk

FROM: TO:18664723221 04/06/2016 15:03:29 #480 P.004/008

Filed          16-CI-01240    04/01/2016          Vincent Riggs, Fayette NOT ORIGINAL DOCUMENT
                                                                    04/06/2016 03:45:43 PM
                                                                    91994

5.    Relevant to the circumstances giving rise to this lawsuit, Plaintiff was an employee of Toyota Motor Manufacturing Kentucky ("TMMK"), working as a team member in assembly.

6.    The Defendant supplied and issued policies of insurance to TMMK, where the Plaintiff obtained coverage for long-term disability insurance. The applicable insurance policy number is believed to be FLK0980011. The relevant incident number is 2714893-02.

7.    Plaintiff was insured and was covered under the LTD policy.

8.    The LTD insurance provides for monthly disability benefit payments, based on a percentage of Plaintiff's pre-disability earnings.

9.    Benefits are payable to Plaintiff under the LTD insurance because she is disabled, as defined in the insurance certificate, from performing her past occupation at TMMK and any other occupation.

10.    The Plaintiff, while working at TMMK, became disabled as defined in her insurance policies on or about July 30, 2012, and remains disabled.

11.    The Plaintiff was and has been unable to perform the material duties of her own occupation, and any other occupation, since on or about July 30, 2012, as a result of injury or sickness.

12.    The Plaintiff received short-term disability benefits because she was disabled from her occupation beginning on July 30, 2012.

13.    The Plaintiff thereafter applied for long-term disability benefits with the Defendant in a timely fashion, in the manner outlined in the insurance certificate.

14.    Plaintiff provided proof that she was disabled from work, and that she was unable to perform her own occupation and any other occupation.

2

FROM: TO:18664723221 04/06/2016 15:04:09 #480 P.005/008

Filed          16-CI-01240     04/01/2016          Vincent Riggs, Fayette Circuit **NOT ORIGINAL DOCUMENT**
                                                                                 04/06/2016 03:45:43 PM
                                                                                 91994

15.  Defendant approved Plaintiff's LTD claim for a period of time but has declined to pay any LTD benefits to Plaintiff beyond April 3, 2015. The letter terminating the benefits is dated February 5, 2015.

16.  The letter terminating Plaintiff's benefits defines Disability as:

*"The Team Member is considered Disabled if, solely because of Injury or Sickness, he or she is:*
1. *unable to perform the material duties of his or her Regular Job; and*
2. *unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Job.*

*After Disability Benefits have been payable for 24 months, the Team Member is considered Disabled if, solely due to Injury or Sickness, he or she is:*
1. *unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
2. *unable to earn 60% or more of his or her Indexed Earnings.*

*The Insurance Company will require proof of earnings and continued Disability."*

17.  In response to the termination of her claim, Plaintiff made a timely appeal to the Defendant in the manner outlined in the LTD certificate and provided additional information in support of her claim, including an independent medical examination indicating she is disabled.

18.  The appeal was sent to the Defendant on September 29, 2015.

19.  Defendant acknowledged receipt of the appeal on October 22, 2015.

20.  Defendant sent a letter to Plaintiff on November 4, 2015 requesting additional information.

21.  Plaintiff responded to Defendant's November 4, 2015 letter with the pertinent information requested on November 11, 2015 and November 30, 2015.

22.  Defendant has failed to render a timely decision on the appeal. Defendant has not responded to the September 29, 2015 appeal letter with any decision to approve or deny

3

FROM: TO:18664723221 04/06/2016 15:04:57 #480 P.006/008

Filed          16-CI-01240     04/01/2016          Vincent Riggs, Fayette Circuit Clerk ORIGINAL DOCUMENT
                                                                          04/06/2016 03:45:43 PM
                                                                          91994

benefits. The Plaintiff has thus exhausted any administrative remedies that may be required under the insurance contract and/or by law.

23. The Plaintiff is entitled to LTD benefits, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

24. The denial of Plaintiff's claim for LTD benefits is a breach of contract.

25. The Defendant has breached its contract with Plaintiff by not paying the duly owed LTD benefits and by not making a timely claim decision.

26. The decision of Defendant to deny contractual benefits under the disability policy is erroneous, a breach of fiduciary duty, negligent, an abuse of discretion, arbitrary and capricious, and contrary to the overwhelming evidence supplied to LINA in the medical records of Plaintiff's treating physicians and independent medical reviewers.

27. The aforesaid conduct of Defendant in denying contractual benefits constitutes bad faith in that LINA lacks a reasonable basis to deny benefits and knows or has acted recklessly with whether such a basis for denial exists.

28. The actions of the Defendant violate KRS § 304.12-230, the Unfair Claims Settlement Practices Act

29. The aforesaid conduct entitles the Plaintiff to recover attorney's fees and interest under KRS § 304.12-235.

30. The aforesaid conduct of the Defendant is reckless and grossly negligent, which entitles Plaintiff to punitive damages.

31. The above actions by the Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial problems, which would not have occurred, but for the wrongful conduct of the Defendant.

4

FROM: TO:18664723221 04/06/2016 15:05:37 #480 P.007/008

Filed          16-CI-01240     04/01/2016          Vincent Riggs, Fayette Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                                         04/06/2016 03:45:43 PM
                                                                                         91994

32.  The long-term disability coverage does not meet the qualifications of a plan under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

33.  In the alternative to allegation number 32 above, if the policy at issue does meet the qualifications for ERISA, then the decision made by the Defendant was arbitrary and capricious, against the overwhelming evidence provided to the Defendant, and a breach of fiduciary duty, which entitles the Plaintiff to contractual benefits, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B), (a)(2), (a)(3), and (g).

34.  The Defendant has failed to respond to the Plaintiff's September 29, 2015 appeal within the timeframe established by ERISA regulations, and under 29 C.F.R. 2560.503-1(1) Plaintiff is entitled to pursue remedies because her claim has been deemed denied and exhausted.

35.  Any discretion to which the Defendant's actions may be entitled to under the terms of its insurance contract no longer applies because of Defendant's violations of the ERISA regulations and failure to respond to Plaintiff's appeal.

36.  The Defendant should be enjoined from stopping payments under the contract.

37.  The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff seeks,

1.  Judgment against the Defendant for full contractual benefits, damages for emotional pain and suffering, worry, financial distress, and inconvenience; attorney's fees and interest under KRS 304.12-235; punitive damages to punish and deter the Defendant from similar conduct; prejudgment and post judgment interest;

Filed          16-CI-01240     04/01/2016          Vincent Riggs, Fayette Circuit Clerk

FROM: TO:18664723221 04/06/2016 15:06:29 #480 P.008/008

Filed          16-CI-01240    04/01/2016          Vincent Riggs, Fayette Circuit Clerk ORIGINAL DOCUMENT
                                                                          04/06/2016 03:45:43 PM
                                                                          91994

benefits payments under ERISA; breach of fiduciary duty damages under ERISA;

other equitable relief; attorney's fees, interest, and costs under ERISA.

3.    Any and all other relief to which Plaintiff appears to be entitled.

4.    Trial by jury.

/s/ Elizabeth A. Thornsbury
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com

M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone:  (859) 225-3731
Facsimile:  (859) 225-3830

6